Charles Epstein
Stefan B. Kalina
COX PADMORE SKOLNIK &
    SHAKARCHY LLP

27 Warren Street, Suite 304
Hackensack, New Jersey 07601
P: (201) 489-7600
E: ceatty@gmail.com

630 Third Avenue, 19th Floor
New York, NY 10017
P: (212) 953-6633
E: kalina@cpsslaw.com

Attorneys for Plaintiff
American Training Center Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| AMERICAN TRAINING CENTER INC., a New York Corporation, | : : : |
| Plaintiff, | : Civil Action No. _____ : : Hon. _____ |
| vs. | : : |
| ROBERT FIANCE BEAUTY SCHOOLS INC., a New Jersey Corporation, ROBERT FIANCE MAKEUP ACADEMY, INC., a New Jersey Corporation, FERRARA EDUCATION GROUP, LLC, a New Jersey Limited Liability Company, and PAUL FERRARA, an individual domiciled in New Jersey, | : : : **COMPLAINT** : **AND JURY DEMAND** : : (Document filed electronically) : |
| Defendants. | : |

_____

Plaintiff, American Training Center Inc. ("ATCI"), for its Complaint against defendants Robert Fiance Beauty Schools, Inc. ("RFBS"), Robert Fiance Makeup Academy, Inc. ("RFMA"), Ferrara Education Group, LLC ("FEG") and Paul Ferrara, states as follows:

<u>**Jurisdiction and Venue**</u>

1.     Plaintiff ATCI is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at #2L, 108-22 Queens Blvd., Forest Hills, NY 11375.

2.     Upon information and belief, Defendant RFBS is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 312 State Street, Perth Amboy, New Jersey 08861.

3.     Upon information and belief, Defendant RFMA is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 314 State Street, Perth Amboy, New Jersey 08861.

4.     Upon information and belief, Defendant FEG is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 314 State Street, Perth Amboy, New Jersey 08861.

5.     Upon information and belief, Defendant Paul Ferrara is an individual domiciled in the State of New Jersey, residing at 2 Turtle Hollow Drive, Manalapan, NJ 07726.

6.     This Court has subject matter jurisdiction over the claims alleged pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338, because the action arises, in part, under 15 U.S.C. §§ 1114 and 1125.  This Court has subject matter jurisdiction over ATCI's related state law and common law claims pursuant to 28 U.S.C.

§ 1338 because these claims are substantial and related claims under federal trademark law and pursuant to 28 U.S.C. § 1367, which codifies the doctrine of supplemental jurisdiction.

7.      Venue is proper in this judicial district under 28 U.S.C. 1391(b)(1) because, upon information and belief, defendants RFBS, RFMA and FEG each reside in this judicial district and, upon information and belief, all of the defendants are residents of New Jersey.  Venue is also proper in this judicial district under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to ATCI's claims occurred in this district.

## FACTUAL BACKGROUND

### *Ferrara's Beauty School and the ATCI Ferrara Marks*

8.      Since August of 2011, Plaintiff has offered beauty school educational services and related products and services under the marks FERRARA'S BEAUTY SCHOOL and FERRARA'S (collectively the "ATCI Ferrara Marks").

9.      Plaintiff operates and promotes using the ATCI Ferrara Marks a trade school in Flushing, New York, that offers courses in hairdressing, cosmetology, makeup and other vocational topics for students wishing to find employment in the beauty industry.  Although Plaintiff operates its trade school in Flushing, New York, it advertises into and attracts students from New Jersey, Connecticut and other locations outside of New York and the United States, using the ATCI Ferrara Marks.  Plaintiff is a Student and Exchange Visitor Program-certified ("SEVP-certified") school authorized to issue international students the Form I-20 Certificate of Eligibility for Nonimmigrant Student Status-For Academic and Language Students.

10.      As part of its educational offerings, Plaintiff provides career training and counseling to students, which includes instruction on business management, marketing and advertising for students seeking to open their own beauty business, or to enter management at

such a business.  In connection with these offerings, Plaintiff also promotes its business and the ATCI Ferrara Marks through the use of clothing items such as men's and women's collared and knit shirts.

11.     In addition to its education services, Plaintiff also offers for sale hair care products using the ATCI Ferrara Marks, including hair gel, hair mousse, hair spray, make-up, and shampoo-conditioners.

12.     Plaintiff has invested substantial monetary and other resources in the ATCI Ferrara Marks, which through advertising and promotion has resulted in tremendous value and recognition of the ATCI Ferrara Marks.

13.     To protect the good will associated with the ATCI Ferrara Marks, Plaintiff applied for and was granted by the United States Patent and Trademark Office ("USPTO") on March 25, 2014, United States Trademark Registration No. 4,500,158 for FERRARA'S BEAUTY SCHOOL for "educational services in the nature of beauty schools" in Class 041 in the following stylized script (the "ATCI '158 Registration"):

*Ferrara's* BEAUTY SCHOOL

Attached hereto as <u>Exhibit A</u> is a true and correct copy of the ATCI '158 Registration.

14.     In addition, on May 8, 2012, Plaintiff filed with the USPTO App. Ser No. 85/619337 for the mark FERRARA'S BEAUTY SCHOOL for both "education services in the nature of beauty schools" in Class 041 and "Hair gel; Hair mousse; Hair spray; Make-up; Shampoo-conditioners" in Class 003 (the "ATCI '337 Application").  Attached hereto as <u>Exhibit</u>

B is a true and correct copy of the ATCI '337 Application from the USPTO Trademark Electronic Search System ("TESS").

15.    Plaintiff also filed with the USPTO on August 27, 2012,  App. Ser. No. 85/713594 for the mark FERRARA'S, for "educational services in the nature of beauty schools" in Class 041 (the "ATCI '594 Application").  Attached hereto as Exhibit C is a true and correct copy of the ATCI '594 Application from the TESS system.

*Infringing Use of FERRARA by Defendants and*
*ATCI's Demands that the Defendants Cease and Desist*

16.    Upon information and belief, Defendant Paul Ferrara is the owner and/or principal of Defendants RFBS, RFMA and FEG.

17.    Upon information and belief, Defendants Paul Ferrara, RFBS and RFMA operate beauty schools at five locations in New Jersey under the name "Robert Fiance Beauty Schools." Upon information and belief, Defendant FEG is party to a lease for the Robert Fiance Beauty Schools, and/or is also engaged in operations involving the Robert Fiance Beauty Schools.

18.    Upon information and belief, notwithstanding Plaintiff's prior and superior rights in the ATCI Ferrara Marks, starting in or about July of 2012, the Defendants began using the term FERRARA EDUCATION GROUP, and other terms using the word FERRARA, to promote the Defendants' beauty school and related services.

19.    Specifically, in July of 2012, the Defendants used the term FERRARA EDUCATION GROUP on several websites associated with the Robert Fiance Beauty Schools, including websites located at the following Internet addresses:  robertfiance.com, robertfiancemakeup.com, learnhairandmakeup.com.  On the robertfiancemakeup.com website, Linda Karas was listed at that time as the "Director of Operations; Ferrara Education Group."

20.     In addition, although the Defendants had not secured any federal trademark registrations for FERRARA EDUCATION GROUP, the Defendants improperly place a circled-R (®) symbol next to FERRARA EDUCATION GROUP on the learnhairandmakeup.com website.

21.     On or about August 1, 2012, ATCI's principal, Vincent Ferrara, through his attorneys, delivered to Defendants Paul Ferrara a letter demanding that he cease all use of the term FERRARA EDUCATION GROUP.  Despite this letter, the Defendants continued to use FERRARA EDUCATION GROUP, and to use the term FERRARA in connection with other products and services.

22.     Upon information and belief, starting in or about June of 2013, Defendants began using the term FERRARA PRO and/or FERRARA PRO SALON PROFESSIONAL to label and promote various hair care products.  Attached hereto as Exhibit D is a true and correct copy of the Amendment to Allege Use and specimen submitted by Defendants Paul Ferrara to the USPTO in connection with his application to register the mark FERRARA PRO (App. Ser. No. 85979926), in which he, through his counsel, attested under penalty of perjury that he first used the term on June 22, 2013.

23.     Starting in the fall of 2013, the attorneys for Plaintiff and Defendants Paul Ferrara exchanged numerous telephone calls and electronic mail correspondence.  Throughout these communications, Plaintiff maintained its demand that Defendants cease all infringing use of the term FERRARA, including FERRARA EDUCATION GROUP.  The parties were unable to reach any agreement, the result being a series of proceedings filed by the parties with the USPTO Trademark Trial and Appeal Board (the "TTAB").

***The USPTO Proceedings***

24.    On August 7, 2012, Defendant Paul Ferrara filed with the TTAB a Notice of Opposition to Plaintiff's then-pending application Serial No. 85457503 to register the stylized FERRARA'S BEAUTY SCHOOL mark, in an administrative proceeding styled as *Paul Ferrara v. American Training Center Inc.*, Opposition No. 91206451 ("Defendants' Opposition Proceeding").

25.    During the course of Defendants' Opposition Proceeding, the parties exchanged limited discovery and engaged in settlement negotiations.

26.    Settlement negotiations broke down in February of 2014, and on February 9, 2014, Defendant Paul Ferrara voluntarily withdrew Defendants' Opposition Proceeding, resulting in dismissal of the proceeding with prejudice in favor of Plaintiff ATCI.  As a result, the ATCI '158 Registration issued shortly thereafter on March 25, 2014.

27.    Although the parties made another attempt at settlement during the spring and summer of 2014, no agreement could be reached.

28.    On or about August 18, 2014, Plaintiff filed a Notice of Opposition with the TTAB to Defendant Paul Ferrara's Application Serial No. 85938941 for federal registration of the term PAUL FERRARA EDUCATION MANAGEMENT in an administrative proceeding styled as *American Training Center Inc. v. Paul Ferrara*, Opposition No. 91217872 ("ATCI's '872 TTAB Proceeding"), which is still pending before the TTAB.

29.    On or about November 23, 2014, Plaintiff filed a Notice of Opposition with the TTAB to Defendant Paul Ferrara's Application Serial No. 86099446 for federal registration of the term FERRARA PRO SALON PROFESSIONAL in an administrative proceeding styled as

*American Training Center Inc. v. Paul Ferrara*, Opposition No. 91219457 ("ATCI's '457 TTAB Proceeding"), which is still pending before the TTAB.

30.     On or about December 26, 2014, Plaintiff filed a Notice of Opposition with the TTAB to Defendant Paul Ferrara's Application Serial No. 85563514 for federal registration of the term FERRARA PRO in an administrative proceeding styled as *American Training Center Inc. v. Paul Ferrara*, Opposition No. 91219936 ("ATCI's '936 TTAB Proceeding"), which is still pending before the TTAB.

31.     On or about November 7, 2016, Plaintiff filed a Notice of Opposition with the TTAB to Defendant Paul Ferrara's Application Serial No. 85982549 for federal registration of the term FERRARA PRO SALON PROFESSIONAL in an administrative proceeding styled as *American Training Center Inc. v. Paul Ferrara*, Opposition No. 91231047 ("ATCI's '047 TTAB Proceeding"), which is still pending before the TTAB.

32.     On or about November 17, 2016, Plaintiff filed a Petition for Cancellation with the TTAB to Defendant Paul Ferrara's United States Registration No. 4,443,963 for the term FERRARA PRO in an administrative proceeding styled as *American Training Center Inc. v. Paul Ferrara*, for which the TTAB assigned Tracking No. ESTTA783579 ("ATCI's '579 TTAB Proceeding"), which is now pending before the TTAB.

***Breakdown of Settlement Discussions – Defendants' Continued Infringing Use of FERRARA EDUCATION GROUP and other Infringing Terms***

33.     Throughout much of 2015 and 2016, the parties continued settlement discussions, but were unable to reach an agreement.

34.     Despite Plaintiff's attempts to reach an amicable settlement with the Defendants, Defendants continue to use FERRARA EDUCATION GROUP to promote the Robert Fiance Beauty Schools.

35.     Defendants use FERRARA EDUCATION GROUP together with a graduation-cap logo on the website titled "Salon Professional Partners" to promote the Robert Fiance Beauty Schools located at http://paolo314.wixsite.com/salonpro.  Attached hereto as Exhibit E is a true and correct copy of this website as of November 15, 2016 (annotated with red circle to show use of the infringing term).

36.     Defendants use FERRARA EDUCATION GROUP on the "B2B Yellowpages" website to promote the Robert Fiance Beauty Schools at

http://www.b2byellowpages.com/companyinformation/286249685robertfiancebeautyschools.

Attached hereto as Exhibit F is a true and correct copy of this website as of November 15, 2016 (highlighted to show use of infringing term).

37.     Defendants use FERRARA EDUCATION GROUP three times on the "Local.com" website to promote the Robert Fiance Beauty Schools at

http://jetcapital.local.com/business/details/sewellnj/robertfiancebeautyschools134240420/.

Attached hereto as Exhibit G is a true and correct copy of this website as of November 15, 2016 (highlighted to show use of infringing term).

38.     Defendants use FERRARA EDUCATION GROUP on the "myCentralJersey.com" website to promote the Robert Fiance Beauty Schools at

http://www.mycentraljersey.com/story/news/local/middlesex-county/2014/06/09/robert-fiance-beauty-school-battle-of-tri-states/10254109/?from=global. Attached hereto as Exhibit H is a true and correct copy of this website as of November 15, 2016.

39.     Defendants use FERRARA EDUCATION GROUP on the "hub.biz" website to promote the Robert Fiance Beauty Schools at https://robert-fiance-beauty-schools-nj-8.hub.biz/.

Attached hereto as Exhibit I is a true and correct copy of this website as of November 15, 2016 (highlighted to show infringing use of term).

40. Upon information and belief, despite Plaintiff's pre-existing and superior rights in the ATCI Ferrara Marks, Defendants continue to sell hair care products branded with the terms FERRARA PRO and FERRARA PRO SALON PROFESSIONAL, including sales to beauty school students attending the Robert Fiance Beauty Schools.

41. Despite Plaintiff's pre-existing and superior rights in the ATCI Ferrara Marks, upon information and belief, Defendants have bona fide plans to use in commerce the term PAUL FERRARA EDUCATION MANAGEMENT, as evidenced by Defendant Paul Ferrara's pending Application Ser. No. 85938941 on file with the USPTO. This Application is also the subject of ATCI's '872 TTAB Proceeding.

42. Despite Plaintiff's pre-existing and superior rights in the ATCI Ferrara Marks, upon information and belief, Defendants have bona fide plans to use in commerce the term FERRARA MAKEUP ACADEMY, as evidenced by Defendant Paul Ferrara's pending Application Ser. No. 85563508 on file with the USPTO.

43. Defendants' use of FERRARA EDUCATION GROUP is, and continues to cause confusion among prospective beauty school students, to the detriment and harm of Plaintiff. Plaintiff's ATCI Ferrara Marks and FERRARA EDUCATION GROUP share the word "FERRARA", which constitutes the most distinctive aspect of each. In addition, Plaintiff and Defendants operate and promote their goods and services through the same channels of trade.

44. Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL is, and continues to cause confusion among consumers of hair care products, to the detriment and harm of Plaintiff. Plaintiff's ATCI Ferrara Marks and FERRARA PRO and

FERRARA PRO SALON PROFESSIONAL share the word "FERRARA", which constitutes the most distinctive aspect of each.  In addition, Plaintiff and Defendants operate and promote their goods and services through the same channels of trade.

45.     Defendants' planned use of PAUL FERRARA EDUCATION MANAGEMENT will cause confusion among prospective beauty school students, to the detriment and harm of Plaintiff.  Plaintiff's ATCI Ferrara Marks and PAUL FERRARA EDUCATION MANAGEMENT share the word "FERRARA", which constitutes the most distinctive aspect of each.  In addition, Plaintiff and Defendants operate and promote their goods and services through the same channels of trade.

46.     Defendants' planned use of FERRARA MAKEUP ACADEMY will cause confusion among prospective beauty school students, to the detriment and harm of Plaintiff. Plaintiff's ATCI Ferrara Marks and FERRARA MAKEUP ACADEMY share the word "FERRARA", which constitutes the most distinctive aspect of each.  In addition, Plaintiff and Defendants operate and promote their goods and services through the same channels of trade.

### COUNT I
### Federal Registered Trademark Infringement, 15 U.S.C. § 1114(1)
### As to Infringing Use of FERRARA EDUCATION GROUP

47.     Plaintiff incorporates by reference the preceding paragraphs.

48.     Defendants' use of FERRARA EDUCATION GROUP in commerce in connection with the sale, distribution, and advertising of beauty school and related services is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, approval, or certification of Defendants' services by Plaintiff. Defendants' actions therefore constitute infringement of

Plaintiff's ATCI '158 Registration in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception among members of the trade and among consumers and the public at large.

50.     The likelihood of confusion, mistake, and deception caused by Defendants' use of FERRARA EDUCATION GROUP in connection with beauty school services is causing irreparable harm to the goodwill and reputation symbolized by Plaintiff's ATCI '158 Registration.

51.     Plaintiff lacks an adequate remedy at law because the mark that is the subject of the ATCI '158 Registration is unique and represents the source, reputation, and goodwill of the Plaintiff's brand to the public. Certain damages caused by Defendants' acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

52.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendants' continued use of FERRARA EDUCATION GROUP, or any confusingly similar variations of the mark that is the subject of the ATCI '158 Registration. Unless enjoined, Defendants will continue to use FERRARA EDUCATION GROUP and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

53.     As a direct and proximate result of Defendants' conduct, Plaintiff is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendants attributable to the infringement in an amount to be proven at trial.

54.     Defendants were aware of Plaintiff's prior and superior rights in the mark that is the subject of the ATCI '158 Registration at the time Defendants started using FERRARA EDUCATION GROUP.  The fact that Defendants use the mark in connection with the promotion of beauty school services further gives rise to an inference of intentional, willful, and malicious intent on the part of Defendants to trade on the goodwill associated with the mark that is the subject of the ATCI '158 Registration, and to cause public confusion, mistake, and deception about the source and affiliation of Defendants' services. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of Plaintiff's reasonable attorneys' fees.

<u>**COUNT II**</u>
<u>**Federal Registered Trademark Infringement, 15 U.S.C. § 1114(1)**</u>
<u>**As to Infringing Use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL**</u>

55.     Plaintiff incorporates by reference the preceding paragraphs.

56.     Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in commerce in connection with the sale, distribution, and advertising of hair care products is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, approval, or certification of Defendants' products by Plaintiff. Defendants' actions therefore constitute infringement of Plaintiff's ATCI '158 Registration in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception among members of the trade and among consumers and the public at large.

58.     The likelihood of confusion, mistake, and deception caused by Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in connection with hair care products is causing irreparable harm to the goodwill and reputation symbolized by Plaintiff's ATCI '158 Registration.

59.     Plaintiff lacks an adequate remedy at law because the mark that is the subject of the ATCI '158 Registration is unique and represents the source, reputation, and goodwill of the Plaintiff's brand to the public. Certain damages caused by Defendants' acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

60.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendants' continued use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL, or any confusingly similar variations of the mark that is the subject of the ATCI '158 Registration. Unless enjoined, Defendants will continue to use FERRARA PRO and FERRARA PRO SALON PROFESSIONAL and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendants attributable to the infringement in an amount to be proven at trial.

62.     Defendants were aware of Plaintiff's prior and superior rights in the mark that is the subject of the ATCI '158 Registration at the time Defendants started using FERRARA PRO and FERRARA PRO SALON PROFESSIONAL.  The fact that Defendants use the mark in connection with the sale of hair care products to beauty school students further gives rise to an

inference of intentional, willful, and malicious intent on the part of Defendants to trade on the

goodwill associated with the mark that is the subject of the ATCI '158 Registration, and to cause

public confusion, mistake, and deception about the source and affiliation of Defendants' products

and services. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an

award of Plaintiff's reasonable attorneys' fees.

### COUNT III
### Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)
### As to Infringing Use of FERRARA EDUCATION GROUP

63.     Plaintiff incorporates by reference the preceding paragraphs.

64.     Defendants' use of FERRARA EDUCATION GROUP in commerce in

connection with Defendants' beauty school services is likely to cause confusion, mistake, and

deception by creating the false and misleading impression that Defendants' services are provided

by Plaintiff; are affiliated, connected, or associated with Plaintiff; or have the certification,

sponsorship, endorsement, or approval of Plaintiff.

65.     Defendants have made false or misleading descriptions of fact, false or misleading

representations of fact, and/or false designations of origin of their services in violation of 15

U.S.C. § 1125(a) by using FERRARA EDUCATION GROUP in connection with their services.

66.      Defendants use of FERRARA EDUCATION GROUP infringes the ATCI

Ferrara Marks, and thus Defendants are liable under 15 U.S.C. § 1125(a)(1)(A) for unfair

competition.

67.     Defendants' activities have caused and, unless enjoined by this Court, will

continue to cause a likelihood of confusion, mistake, and deception of customers and potential

students of Plaintiff as well as the general public.

68.     The likelihood of confusion, mistake, and deception created as a result of Defendants' use of FERRARA EDUCATION GROUP in connection with their services is causing irreparable harm to Plaintiff's goodwill and reputation symbolized by the ATCI Ferrara Marks.

69.     Plaintiff lacks an adequate remedy at law because the ATCI Ferrara Marks are unique and represent the source, reputation, and goodwill of services promoted using the ATCI Ferrara Marks to the public.  Certain damages caused by Defendants' acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

70.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendants' continued use of FERRARA EDUCATION GROUP or any confusingly similar variations of Plaintiff's ATCI Ferrara Marks. Unless enjoined, Defendants will continue to use FERRARA EDUCATION GROUP and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

71.     As a direct and proximate result of Defendants' willful conduct, Plaintiff is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendants attributable to the infringement in an amount to be proven at trial.

72.     Defendants' actions in adopting and using FERRARA EDUCATION GROUP in connection with directly related services gives rise to an inference of intentional, willful, and malicious intent on the part of Defendants to trade on the goodwill associated with Plaintiff's ATCI Ferrara Marks and to cause public confusion, mistake, and deception about the

certification, source, or affiliation of Defendants' services. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of Plaintiff's reasonable attorneys' fees.

**COUNT IV**
**Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)**
**As to Infringing Use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL**

73.     Plaintiff incorporates by reference the preceding paragraphs.

74.     Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in commerce in connection with Defendants' hair care products is likely to cause confusion, mistake, and deception by creating the false and misleading impression that Defendants' products are provided by Plaintiff; are affiliated, connected, or associated with Plaintiff; or have the certification, sponsorship, endorsement, or approval of Plaintiff.

75.     Defendants have made false or misleading descriptions of fact, false or misleading representations of fact, and/or false designations of origin of their products and services in violation of 15 U.S.C. § 1125(a) by using FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in connection with their products and services.

76.     Defendants use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL infringes the ATCI Ferrara Marks, and thus Defendants are liable under 15 U.S.C. § 1125(a)(1)(A) for unfair competition.

77.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception of customers and potential students of Plaintiff as well as the general public.

78.     The likelihood of confusion, mistake, and deception created as a result of Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in

connection with their products and services is causing irreparable harm to Plaintiff's goodwill and reputation symbolized by the ATCI Ferrara Marks.

79.     Plaintiff lacks an adequate remedy at law because the ATCI Ferrara Marks are unique and represent the source, reputation, and goodwill of products and services promoted using the ATCI Ferrara Marks to the public.  Certain damages caused by Defendants' acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

80.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendants' continued use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL or any confusingly similar variations of Plaintiff's ATCI Ferrara Marks. Unless enjoined, Defendants will continue to use FERRARA PRO and FERRARA PRO SALON PROFESSIONAL and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

81.     As a direct and proximate result of Defendants' willful conduct, Plaintiff is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendants attributable to the infringement in an amount to be proven at trial.

82.     Defendants' actions in adopting and using FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in connection with directly related products and services give rise to an inference of intentional, willful, and malicious intent on the part of Defendants to trade on the goodwill associated with Plaintiff's ATCI Ferrara Marks and to cause public confusion, mistake, and deception about the certification, source, or affiliation of Defendants' products and services. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of Plaintiff's reasonable attorneys' fees.

**COUNT V**
**Federal False Advertising, 15 U.S.C. § 1125(a)(1)(B)**
**As to Infringing Use of FERRARA EDUCATION GROUP**

83.     Plaintiff incorporates by reference the preceding paragraphs.

84.     Defendants' use of FERRARA EDUCATION GROUP, in commercial advertising or promotion in connection with Defendants' beauty school services, misrepresents the nature, characteristics, and/or qualities of the services thereof by creating the false and misleading impression that Defendants' services are affiliated, connected, or associated with Plaintiff, or certified, sponsored, endorsed, or approved of by Plaintiff.

85.     Defendants have made false or misleading descriptions of fact, false or misleading representations of fact, and/or false designations of origin of their services in violation of 15 U.S.C. § 1125(a) by using FERRARA EDUCATION GROUP in connection with their services.

86.     Defendants are liable under 15 U.S.C. § 1125(a)(1)(B) for false advertising as a result of their use of FERRARA EDUCATION GROUP.

87.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause misrepresentations to members of the public and Plaintiff's actual and prospective customers and students.

88.     The misrepresentation created as a result of Defendants' use of FERRARA EDUCATION GROUP in connection with their services is causing irreparable harm to Plaintiff's goodwill and reputation symbolized by the ATCI Ferrara Marks.

89.     Plaintiff lacks an adequate remedy at law because the ATCI Ferrara Marks are unique and represent the source, reputation, and goodwill of services promoted to the public using the ATCI Ferrara Marks.  Certain damages caused by Defendants' acts may not be

susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

90.      Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendants' continued use of FERRARA EDUCATION GROUP or any confusingly similar variations of Plaintiff's ATCI Ferrara Marks. Unless enjoined, Defendants will continue to use FERRARA EDUCATION GROUP and continue to cause misrepresentations to the public and injure Plaintiff's goodwill and reputation.

91.      As a direct and proximate result of Defendants' willful conduct, Plaintiff is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendants attributable to the infringement in an amount to be proven at trial.

92.      Defendants' actions in adopting and using FERRARA EDUCATION GROUP in connection with directly related services gives rise to an inference of intentional, willful, and malicious intent on the part of Defendants to trade on the goodwill associated with Plaintiff's ATCI Ferrara Marks and to cause public confusion, mistake, and deception about the certification, source, or affiliation of Defendants' services.  Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of Plaintiff's reasonable attorneys' fees.

**COUNT VI**
**Federal False Advertising, 15 U.S.C. § 1125(a)(1)(B)**
**As to Infringing Use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL**

93.      Plaintiff incorporates by reference the preceding paragraphs.

94.      Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL, in commercial advertising or promotion in connection with Defendants' hair care products, misrepresents the nature, characteristics, and/or qualities of the products and

services thereof by creating the false and misleading impression that Defendants' products and services are affiliated, connected, or associated with Plaintiff, or certified, sponsored, endorsed, or approved of by Plaintiff.

95.     Defendants have made false or misleading descriptions of fact, false or misleading representations of fact, and/or false designations of origin of their products and services in violation of 15 U.S.C. § 1125(a) by using FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in connection with their products and services.

96.     Defendants are liable under 15 U.S.C. § 1125(a)(1)(B) for false advertising as a result of their use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL.

97.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause misrepresentations to members of the public and Plaintiff's actual and prospective customers and students.

98.     The misrepresentation created as a result of Defendants' use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in connection with their products and services is causing irreparable harm to Plaintiff's goodwill and reputation symbolized by the ATCI Ferrara Marks.

99.     Plaintiff lacks an adequate remedy at law because the ATCI Ferrara Marks are unique and represent the source, reputation, and goodwill of products and services promoted to the public using the ATCI Ferrara Marks.  Certain damages caused by Defendants' acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

100.    Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 against Defendants'
continued use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL or any
confusingly similar variations of Plaintiff's ATCI Ferrara Marks. Unless enjoined, Defendants
will continue to use FERRARA PRO and FERRARA PRO SALON PROFESSIONAL and
continue to cause misrepresentations to the public and injure Plaintiff's goodwill and reputation.

101.    As a direct and proximate result of Defendants' willful conduct, Plaintiff is also
entitled to recover three times its actual damages and the profits wrongfully obtained by
Defendants attributable to the infringement in an amount to be proven at trial.

102.    Defendants' actions in adopting and using FERRARA PRO and FERRARA PRO
SALON PROFESSIONAL in connection with directly related products and services gives rise to
an inference of intentional, willful, and malicious intent on the part of Defendants to trade on the
goodwill associated with Plaintiff's ATCI Ferrara Marks and to cause public confusion, mistake,
and deception about the certification, source, or affiliation of Defendants' products and services.
Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of
Plaintiff's reasonable attorneys' fees.

### COUNT VII
### Unfair Competition Under N.J.S.A. 56:4-1 *et seq.*
### As to Infringing Use of FERRARA EDUCATION GROUP

103.    Plaintiff incorporates by reference the preceding paragraphs.

104.    Defendants' unauthorized use of FERRARA EDUCATION GROUP in
connection with the sale and advertising of their products, services and commercial activities
constitutes acts of unfair competition through Defendants' appropriation for their own use of the
name, brand, trademark, reputation, and goodwill of Plaintiff in violation of N.J.S.A. 56:4-1 *et
seq.*.

105.    The aforesaid acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

106.    The aforesaid acts by Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's property and business.

107.    Plaintiff has no adequate remedy at law.

## COUNT VIII
### Unfair Competition Under N.J.S.A. 56:4-1 *et seq.*
### As to Infringing Use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL

108.    Plaintiff incorporates by reference the preceding paragraphs.

109.    Defendants' unauthorized use of FERRARA PRO and FERRARA PRO SALON PROFESSIONAL in connection with the sale and advertising of their products, services and commercial activities constitutes acts of unfair competition through Defendants' appropriation for their own use of the name, brand, trademark, reputation, and goodwill of Plaintiff in violation of N.J.S.A. 56:4-1 *et seq.*.

110.    The aforesaid acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

111.    The aforesaid acts by Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's property and business.

112.    Plaintiff has no adequate remedy at law.

## COUNT IX
### Common-Law Unfair Competition

113.    Plaintiff incorporates by reference the preceding paragraphs.

114.    The aforementioned acts of Defendants constitute unfair competition and unfair business practices contrary to the common law of the State of New Jersey.

115.    The aforesaid acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

116.    The aforesaid acts by Defendants have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's property and business.

117.    Plaintiff has no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants, jointly and severally, granting the following relief:

118.    Final Judgment in favor of Plaintiff on each claim set forth herein.

119.    That Defendants, their officers, directors, agents, servants, affiliates, employees, successors, assigns, parent, and subsidiary companies and representatives, and all those acting in privity or in concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from directly or indirectly:

A.  Affixing, applying, annexing, or using, in connection with the advertising, sale, or offering of beauty school services, hair care products, or any related goods and services, the marks FERRARA, FERRARA'S, FERRARA'S BEAUTY SCHOOL, FERRARA EDUCATION GROUP, FERRARA PRO, FERRARA PRO SALON PROFESSIONAL, FERRARA MAKEUP ACADEMY, PAUL FERRARA EDUCATION MANAGEMENT and any marks confusingly similar to Plaintiff's ATCI Ferrara Marks, or any other marks that might tend to falsely describe or represent such goods or services as being those of Plaintiff;

B. Performing any actions or using any trademarks, service marks, or other words, names, titles, designs, or logos that are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the public into believing that Defendants' services or products are certified by, sponsored by, affiliated with, or in any way connected to Plaintiff;

C. Using any trademarks, service marks, or other words, names, titles, designs, or logos or engaging in any other conduct that creates a likelihood of injury to the business reputation of Plaintiff or a likelihood of misappropriating Plaintiff's distinctive marks and the goodwill associated therewith;

D. From further infringing Plaintiff's ATCI Ferrara Marks and damaging Plaintiff's goodwill; and

E. Engaging in any trade practices, including those complained of herein, which unfairly compete with or injure Plaintiff, its business, or the goodwill appertaining thereto.

120.   That Defendants be ordered to cancel or destroy all signage, marketing, advertising, and promotional materials that display or otherwise feature FERRARA, FERRARA'S, FERRARA'S BEAUTY SCHOOL, FERRARA EDUCATION GROUP, FERRARA PRO, FERRARA PRO SALON PROFESSIONAL, FERRARA MAKEUP ACADEMY, PAUL FERRARA EDUCATION MANAGEMENT or any marks confusingly similar to Plaintiff's ATCI Ferrara Marks.

121.    That Defendants be ordered to disable all Internet websites and all social media or Internet-based media that displays or uses FERRARA, FERRARA'S, FERRARA'S BEAUTY SCHOOL, FERRARA EDUCATION GROUP, FERRARA PRO, FERRARA PRO SALON

PROFESSIONAL, FERRARA MAKEUP ACADEMY, PAUL FERRARA EDUCATION MANAGEMENT or any marks confusingly similar to Plaintiff's ATCI Ferrara Marks, until such time as those marks have been removed.

122.    That Defendants be ordered to transfer ownership to Plaintiff of all Internet domain names that include the word or words FERRARA, FERRARAS, FERRARAS BEAUTY SCHOOL, FERRARA EDUCATION GROUP, FERRARA PRO, FERRARA PRO SALON PROFESSIONAL, FERRARA MAKEUP ACADEMY, PAUL FERRARA EDUCATION MANAGEMENT or any words that are confusingly similar to Plaintiff's ATCI Ferrara Marks.

123.    That the Court instruct the USPTO to sustain Plaintiff's opposition in ATCI's '872 TTAB Proceeding.

124.    That the Court instruct the USPTO to sustain Plaintiff's opposition in ATCI's '457 TTAB Proceeding.

125.    That the Court instruct the USPTO to sustain Plaintiff's opposition in ATCI's '936 TTAB Proceeding.

126.    That the Court instruct the USPTO to sustain Plaintiff's opposition in ATCI's '047 TTAB Proceeding.

127.    That the Court instruct the USPTO to grant Plaintiff's petition for cancellation in ATCI's '579 TTAB Proceeding.

128.    That the Court instruct the USPTO to deny Defendant's federal trademark registration Application Ser. No. 85563508 for the term FERRARA MAKEUP ACADEMY.

129.    That the Court instruct the USPTO to deny Defendant's federal trademark registration Application Ser. No. 85930947 for the term FERRARA PRO SALON PROFESSIONAL.

130.    That Plaintiff be awarded all damages it has sustained by reason of Defendants' wrongful acts, and that such damages be trebled to the maximum extent allowed by law.

131.     That an accounting and disgorgement be ordered and Plaintiff be awarded all gains, profits, and advantages derived by Defendants from their wrongful acts and that the amount of any accounting be trebled to the maximum extent allowed by law.

132.     That Defendants be required to compensate Plaintiff for all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs.

133.     That Plaintiff be awarded prejudgment and post-judgment interest on the above monetary awards.

134.    That the Court grant Plaintiff such other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff demands a jury trial on all issues triable of right by a jury.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned attorney for Plaintiff, American Training Center Inc., certifies that with respect to the matters in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration proceeding, to which this matter is subject.  With respect to pending administrative proceedings to which this matter is subject, the undersigned attorney for Plaintiff certifies that all such administrative proceedings and the parties thereto have been identified in the Complaint.

## CERTIFICATION OF NON-ARBITRABILITY

Pursuant to Local Civil Rule 201.1(d)(2), the undersigned attorney for Plaintiff, American Training Center Inc, certifies that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint primarily consists of a demand for preliminary and permanent injunctive relief, as well as damages believed to be in excess of $150,000.00, exclusive of interest, costs and any claim for treble damages, and involves complex issues of trademark law.

COX PADMORE SKOLNIK & SHAKARCHY LLP

By: s/Stefan B. Kalina
　　　Charles Epstein
　　　Stefan B. Kalina

27 Warren Street, Suite 304
Hackensack, New Jersey 07601
P: (201) 489-7600
E: ceatty@gmail.com

630 Third Avenue, 19th Floor
New York, NY 10017
P: (212) 953-6633
E: kalina@cpsslaw.com

DATED: November 17, 2016

28